**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**FELIX A. MAURENT,**

    **Petitioner,**

    v.

**WARDEN, ROSS
CORRECTIONAL INSTITUTION,**

    **Respondent.**

        **CASE NO. 2:14-CV-2296
        JUDGE GEORGE C. SMITH
        Magistrate Judge Deavers**

## OPINION AND ORDER

On April 11, 2016, *Judgment* was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 12). This matter is before the Court on Petitioner's May 2, 2016, *Motion for Reconsideration* pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 13). For the reasons that follow, Petitioner's *Motion for Reconsideration* (ECF No. 13) is **DENIED.**

Petitioner complains that the Court entered final judgment of dismissal in lieu of issuance of a *Report and Recommendation* by the Magistrate Judge under Rule 72(b) of the Federal Rules of Civil Procedure.[1]

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides:

(a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

(b) Dispositive Motions and Prisoner Petitions.

A District Judge may refer a habeas corpus petition to a Magistrate Judge to file proposed recommendations for disposition.  Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> Reference to a Magistrate Judge.  A judge *may*, under 28 U.S.C. § 636(b), refer the motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition. When they are filed, the clerk must promptly serve copies of the proposed findings and recommendations on all parties. Within 14 days after being served, a party may file objections as provided by local court rule. The judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation.

The statute regarding a reference to a Magistrate Judge is clearly permissive.  Put another way, the law does not absolutely require the District Judge to refer a § 2254 petition to a Magistrate Judge for issuance of recommendations regarding final disposition of the case and at all times the District Judge retains the jurisdiction to enter any appropriate orders.

---

(1) Findings and Recommendations. A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.

(2) Objections. Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.

(3) Resolving Objections. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Here, the District Judge then presiding over the case issued his *Opinion and Order* resolving the petition and entered final judgment of dismissal. Nothing untoward occurred in the case. Further, Petitioner has raised no grounds for reconsideration of final judgment of dismissal of this case.

Petitioner's *Motion for Reconsideration* (ECF No. 13) is **DENIED.**

    **IT IS SO ORDERED**.

    *\s\ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**