## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**FELIX A. MAURENT,**

       **Petitioner,**

     **CASE NO. 2:14-CV-2296**
     **v.**
     **JUDGE GEORGE C. SMITH**
     **MAGISTRATE JUDGE DEAVERS**

**WARDEN, ROSS**
**CORRECTIONAL INSTITUTION,**

       **Respondent.**

## OPINION AND ORDER

On April 11, 2016, final Judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 12).  On May 16, 2016, the Court issued an *Order* denied Petitioner's *Motion for Reconsideration*.  (ECF No. 15).  This matter is before the Court on Petitioner's May 24, 2016, *Motion for Certificate of Appealability*.  (ECF No. 16).  For the reasons that follow, Petitioner's *Motion for Certificate of Appealability* (ECF No. 16) is **DENIED**.

This case involves Petitioner's convictions after a jury trial in the Delaware County Court of Common Pleas on charges of aggravated burglary, kidnapping, and extortion, with firearm specifications.  Petitioner asserts that the trial court improperly denied his motions to suppress, improperly admitted a recording of phone calls he made while incarcerated, and failed to merge the charges against him.  This Court dismissed Petitioner's claims on the merits.  Petitioner requests the Court to issue a certificate of appealability on his claim that the trial court improperly denied his motions to suppress, and in regard to the Court's denial of his *Motion for Reconsideration*.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court."    *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)  The petitioner must establish the substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).   This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Petitioner argues that police used an unduly suggestive photo array in obtaining witness identification; however, the state appellate court rejected this argument, and the record fails to support his allegation.  Further, the record supports the state appellate court's conclusion that the victim's identification of Petitioner was reliable.  Similarly, the record indicates that the sheriff read Petitioner his *Miranda* rights as a part of the booking process, and Petitioner made incriminating statements to police approximately three hours later.  When police returned to ask additional questions shortly thereafter, Petitioner acknowledged that he had been read his *Miranda* rights at booking, and he understood that those rights applied to questioning.  The record does not indicate that he ever requested an attorney or indicated that he did not want to talk.  To the contrary, he responded freely.  In view of the foregoing, the Court is not persuaded

that reasonable jurists would debate whether Petitioner's claims should have been resolved differently.

Petitioner also requests a certificate of appealability regarding the Court's denial of his *Motion for Reconsideration*.  However, the sole basis for Petitioner's motion involved his complaint that the District Judge then presiding over the case issued an *Opinion and Order* resolving the petition without referring the § 2254 petition to a Magistrate Judge for issuance of recommendations regarding final disposition of the case.  The law does not absolutely require the District Judge to refer a § 2254 petition to a Magistrate Judge for issuance of recommendations regarding final disposition of the case and at all times the District Judge retains the jurisdiction to enter any appropriate orders.  Therefore, this Court is not persuaded that reasonable jurists would debate whether this Court correctly concluded that Petitioner failed to raise any grounds justifying reconsideration of final judgment of dismissal of this case.

Therefore, Petitioner's *Motion for Certificate of Appealability* (ECF No. 16) is **DENIED**.

**IT IS SO ORDERED.**

*\s\ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**