IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FELIX A. MAURENT,**

     **Petitioner,**

    v.                            **CASE NO. 2:14-CV-02296**
                                   **JUDGE GEORGE C. SMITH**
**WARDEN, ROSS**                         **Magistrate Judge Deavers**
**CORRECTIONAL INSTITUTION,**

     **Respondent.**

## OPINION AND ORDER

On April 11, 2016, *Judgment* was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 12). On May 16, 2016, the Court denied Petitioner's *Motion for Reconsideration.* (ECF No. 13). On June 3, 2016, the Court denied Petitioner's *Motion for Certificate of Appealability.* (ECF No. 18). This matter is before the Court on Petitioner's June 24, 2016, *Motion for Leave to Appeal in forma pauperis.* (ECF No. 19). Petitioner has also filed a *Notice of Appeal* of the Court's denial of his *Motion for Certificate of Appealability,* (ECF No. 20), which the Court construes as another motion for a certificate of appealability. For the reasons that follow, Petitioner's *Motion for Leave to Appeal in forma pauperis* and motion for a certificate of appealability (ECF Nos. 19, 20) are **DENIED.**

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S.

880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

This Court is not persuaded that reasonable jurists would debate whether the Court properly denied Petitioner's motion for a certificate of appealability. His request for a certificate of appealability (ECF No. 20) is again **DENIED**.

Petitioner also seeks leave to proceed *in forma pauperis* on appeal. Pursuant to 28 U.S.C. § 1915(a) (3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith. Federal Rule of Appellate Procedure 24(a)(3)(A) also provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may

>  proceed on appeal in forma pauperis without further authorization, unless:
>
>  (A) the district court-before or after the notice of appeal is filed- certifies that the appeal is not taken in good faith[.]

*Id*.  In addressing this standard, another court has explained:

> The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id*. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir.1983).

*Frazier v. Hesson,* 40 F.Supp.2d 957, 967 (W.D.Tenn.1999).  However,

> "the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill–Masching*, 2002 WL 15701, * 3 (N.D.Ill. Jan.4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 631 (7th Cir.2000).

*Penny v. Booker*, No. 05–70147, 2006 WL 2008523, at *1 (E.D. Michigan, July 17, 2006).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not in good faith.

Petitioner's *Motion for Leave to Appeal in forma pauperis* (ECF No. 19) therefore is **DENIED.**

**IT IS SO ORDERED**.

                                            *\s\ George C. Smith*
                                            **GEORGE C. SMITH, JUDGE**
                                            **UNITED STATES DISTRICT COURT**